Citation Nr: 1743998 
Decision Date: 09/18/17 Archive Date: 10/10/17

DOCKET NO. 16-57 403 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New York, New York


THE ISSUE

Entitlement to service connection for prostate cancer, to include as secondary to herbicide exposure.


REPRESENTATION

Veteran represented by: New York State Division of Veterans' Affairs


ATTORNEY FOR THE BOARD

Mike A. Sobiecki, Associate Counsel

INTRODUCTION

The Veteran served in the U.S. Navy from February 1964 to May 1972. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2016 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in New York, New York.

The appeal has been advanced on the Board's docket. 38 U.S.C.A. § 7107(a)(2); 38 C.F.R. § 20.900(c) (2016).


FINDINGS OF FACT

1. The Veteran was deployed to the Republic of Vietnam during the presumptive period, and served as a radar intercept officer attached to various fighter squadrons flying from the aircraft carriers U.S.S. Constellation (CVA-64) and U.S.S. Coral Sea (CVA-43).

2. Evidence supports that the Veteran landed his aircraft in Da Nang and set foot on the Vietnamese landmass in October and November 1967.

3. The Veteran has a diagnosis of prostate cancer.


CONCLUSION OF LAW

The criteria for service connection for prostate cancer have been met. 38 C.F.R. §§ 1110, 1116, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Private medical records confirm that the Veteran has a current diagnosis of prostate cancer. Service connection for prostate cancer will be presumed if it is found that the Veteran served, had duty or visited the Republic of Vietnam during active duty service between January 6, 1962 and May 7, 1975. 38 C.F.R. §§ 3.307(a)(6), 3.309(e).

The Veteran asserts that on three separate occasions - October 18, 1967; November 15, 1967; and November 26, 1967 - the U.S.S. Coral Sea was unable to receive incoming aircraft and he was ordered to land at Da Nang airbase and wait for orders to return back to the ship. In support of his assertions, the Veteran submitted a partial copy of his flight log books, buddy statements and a partial flight log book from his co-pilot on the November 15th and 26th flights, and a buddy statement from another Veteran with whom he served and who had the same military occupational specialty as him. The Veteran's flight log books document flights between "CVA-43" and "DAG" on the dates the Veteran noted. He contends that the acronym "DAG" stands for Da Nang; "CVA-43" refers to the U.S.S. Coral Sea. The Veteran's flight log books are consistent with those of his co-pilot, and the buddy statements corroborate the Veteran's assertions of landing in Da Nang and that the acronym "DAG" stands for Da Nang.

February and September 2016 responses from the Joint Service Records Research Center (JSRRC) indicated that the command history and deck logs of the U.S.S. Coral Sea did not document that personnel from the ship flew to or landed in Da Nang. 

The Veteran is competent to describe the terms of his service, to include visitation to the Republic of Vietnam. See Layno v. Brown, 6 Vet. App. 465 (1994). The Board finds his assertion of landing in Da Nang and stepping onto the Vietnamese landmass credible based on the specificity with which it was described, the supporting lay evidence and flight log book from his co-pilot, and because the such actions would be consistent with the circumstances of his service. 
Resolving reasonable doubt in the Veteran's favor, the Board finds that he did serve in the Republic of Vietnam; exposure to herbicides is presumed. 38 C.F.R. §§ 3.102, 3.307(a)(6)(iii). Accordingly, service connection for prostate cancer is warranted.


ORDER

Service connection for prostate cancer is granted.



____________________________________________
Cheryl L. Mason
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs